## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Joan Lindsley,                                    Civil No. 08-1466 (DWF/SRN)

        Plaintiff,

v.                                               **MEMORANDUM**
                                                 **OPINION AND ORDER**

DaimlerChrysler Financial Services
Americas LLC; MFR Asset Recovery
a/k/a Home Town Recovery Company;
Thomas Kingore[1], individually; Anthony
Cady, individually; and Washington County,

        Defendants.

---

Thomas J. Lyons, Jr., Esq., and Trista M. Roy, Esq., Consumer Justice Center, PA, counsel for Plaintiff.

Brian L. McMahon, Esq., McMahon Law Firm LLC, counsel for DaimlerChrysler Financial Services Americas LLC.

Roger L. Rowlette, Esq., Johnson & Lindberg, PA, counsel for Washington County.

---

## INTRODUCTION

This matter is before the Court on a Motion to Compel Arbitration and Stay Proceedings brought by Defendant DaimlerChrysler Financial Services Americas LLC ("Chrysler Financial"). For the reasons stated below, the Court grants in part and denies in part Chrysler Financial's motion.

---

[1]     It appears, based on the parties' briefs, that this Defendant's name was misspelled in the case caption and should be Thomas Kilgore.

(Footnote Continued on Next Page)

## BACKGROUND

In 2003, Plaintiff Joan Lindsley and Chrysler Financial entered into a finance agreement for the purchase of a 2003 Dodge Stratus.[2]  The financing was memorialized in a Retail Installment Contract (the "Contract").  In 2007, Lindsley fell behind on her payments under the Contract.  On April 4, 2008, Lindsley's vehicle was repossessed. Defendant MFR Asset Recovery ("MFR"), a repossession company, and Defendants Thomas Kilgore and Anthony Cady, agents of MFR, executed the repossession.[3]  The vehicle was repossessed pursuant to the rights of Chrysler Financial.

Lindsley asserts that Defendants repossessed her vehicle without the required written notice and, in the process, trespassed on Lindsley's property and assaulted and battered her.  Specifically, Lindsley alleges that Kilgore and Cady, as agents of MFR, shouted profanities and forcibly attempted to remove Lindsley from her vehicle while it was parked in the garage attached to her house.  On May 28, 2008, Lindsley filed this action, alleging a violation of the Fair Debt Collection Practices Act against the MFR Defendants; conversion, assault, invasion of privacy, and breach of peace against Chrysler Financial and the MFR Defendants; battery against Chrysler, MFR, and Cady; and a violation of 42 U.S.C. § 1983 against Defendant Washington County.  Chrysler

_____

(Footnote Continued From Previous Page)

[2]      Chrysler Financial is an assignee of the listed creditor.

[3]      The Court will refer to MFR, Kilgore, and Cady collectively as the "MFR
(Footnote Continued on Next Page)

Financial now moves for an order compelling Lindsley to submit all of her claims against

Chrysler Financial and the MFR Defendants to arbitration and to stay the proceedings

before this Court.

## DISCUSSION

### I.     Motion to Compel Arbitration

When considering a motion to compel arbitration, the Court is required to

determine whether:  (1) a valid agreement to arbitrate exists between the parties; and

(2) the specific dispute is within the scope of that agreement.  *See Green Tree Fin. Corp.*

*v. Bazzle*, 539 U.S. 444, 452 (2003); *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868,

871 (8th Cir. 2004).

The Contract contains an arbitration provision that reads:

> [A]ny claim or dispute, whether in contract, tort or otherwise (including any
> dispute over the interpretation, scope, or validity of this contract, the
> arbitration clause or the arbitrability of any issue), between us or Creditor's
> employees, agents, successors or assigns, which arise out of or relate to this
> contract or any resulting transaction or relationship (including any such
> relationship with third parties who do not sign this contract) shall, at the
> election of either of us (or the election of any such third party) be resolved
> by a neutral, binding arbitration and not be a court action.

(Aff. of Brian L. McMahon ("McMahon Aff.") ¶ 2, Ex. 1.)

Although Chrysler Financial is not a signatory to the Contract, the parties agree

that it is an assignee of the original creditor.  Therefore, Chrysler Financial can invoke the

_____

(Footnote Continued From Previous Page)
Defendants."

arbitration clause against Lindsley.  Lindsley, however, asserts that there is no contract or

arbitration agreement between her and the MFR Defendants.  While acknowledging that

the MFR Defendants are not parties to the Contract, Chrysler Financial asserts that they

can be compelled to arbitrate.  In support, Chrysler Financial cites to *Simitar*

*Entertainment, Inc. v. Silva Entertainment, Inc.*, 44 F. Supp. 2d 986 (D. Minn. 1999).  In

*Simitar*, the Court explained that non-signatories to an arbitration agreement can, under

certain circumstances, compel arbitration under the agreement.  *Simitar*, 44 F. Supp. 2d at

993 n.5.  In particular, a signatory may be bound to arbitrate with a nonsignatory "at the

nonsignatory's insistence" in certain situations.  *Simitar*, however, does not stand for the

proposition that a signatory to an arbitration agreement can invoke arbitration on behalf

of a third-party non-signatory.  Here, the MFR Defendants are not signatories to the

Contract; nor have they elected to submit Lindsley's claims against them to arbitration.[4]

Accordingly, the Court declines to compel the arbitration of any claims against the MFR

Defendants.

With respect to the claims asserted against Chrysler Financial, Lindsley maintains

that the arbitration provision is unenforceable because it is unconscionable and because

Chrysler Financial waived its right to pursue arbitration.  First, Lindsley asserts that the

arbitration clause is unenforceable because it is both substantively unconscionable as a

---

[4]      The Court is aware that MFR recently filed a Motion to Compel
Arbitration.  The Court will address MFR's motion as scheduled, unless the parties
agree that the issues presented in that motion are resolved by this Order.

contract of adhesion and procedurally unconscionable because, for example, arbitration would be expensive for Lindsley.

Whether a contract is unconscionable is a question of law. *RJM Sales & Mktg., Inc. v. Banfi Prods. Corp.,* 546 F. Supp. 1368, 1375 (D. Minn. 1982). Minnesota courts may refuse to enforce contracts of adhesion. *Siebert v. Amateur Athletic Union of the United States, Inc*, 422 F. Supp. 2d 1033, 1040 (D. Minn. 2006) (citing *Schlobohm v. Spa Petite, Inc.*, 326 N.W.2d 920, 924 (Minn. 1982)). To demonstrate that the Contract is one of adhesion, Lindsley must establish a great disparity in bargaining power with no power for the negotiation and that the services offered by Defendants are a public necessity and cannot be obtained elsewhere. *Id.* Factors to consider when determining if a contract is one of adhesion include the sophistication of the parties, the circumstances surrounding the execution of the agreement, and the burden the arbitration places on the complaining party. *See Ottman v. Fadden*, 575 N.W.2d 593, 597 (Minn. Ct. App. 1998).

The Court concludes that the Contract is not an unconscionable contract of adhesion. First, a contract for the financing of the purchase of a motor vehicle is not a contract for a public necessity and there has been no showing that financing could not have been obtained elsewhere. Second, Lindsley's factual basis for her claim fails. Lindsley argues, among other things, that the arbitration agreement was "buried in the fine print of a lengthy document," was not presented or explained in any meaningful way, and was presented without any opportunity for Lindsley to negotiate. Lindsley, however, does not point to any record evidence to support her factual contentions. In addition, the

5

assertion that the arbitration agreement was "buried" is belied by the record evidence.

The arbitration clause is contained in a two-page document and appears in the same font

size as the other contractual terms and under a bold heading in larger font that reads

"IMPORTANT ARBITRATION DISCLOSURES . . . The Following Arbitration

provisions significantly affect Your rights in any dispute with us.  Please read this

carefully before You sign the contract."  (McMahon Aff. ¶ 2, Ex.1.)  Finally, the Court

concludes that the arbitration agreement is not procedurally unconscionable.[5]

Lindsley also asserts that Chrysler Financial waived its right to compel arbitration.

A court will find waiver where the party claiming the right to arbitrate:  (1) knew of an

existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the

other party by these inconsistent acts.  *Lewallen v. Green Tree Servicing LLC*, 487 F.3d

1085, 1090 (8th Cir. 2007).  A party acts inconsistently with its right to arbitrate when it

"substantially invokes the litigation machinery" prior to asserting its arbitration right.  *Id.*

*See also Parler v. KFC Corp.*, 529 F. Supp. 2d 1009, 1014 (D. Minn. 2008).  "A party

substantially invokes the litigation machinery when, for example, it files a lawsuit on

arbitrable claims, engages in extensive discovery, or fails to move to compel arbitration

and stay litigation in a timely manner."  *Lewallen*, 487 F.3d at 1090.

---

[5]     Lindsley's concerns regarding the cost of and limited discovery available in
arbitration are mitigated by the fact that the only claims being submitted to arbitration are
those against Chrysler Financial.  As explained below, the core of Lindsley's case will
remain before this Court, where proceedings are open and discovery is available.

Lindsley claims that Chrysler Financial acted inconsistently with its right to arbitration by retaining an attorney who sent a collection letter[6] that threatened litigation and made no reference to arbitration and by opting to engage in the non-judicial act of possessing Lindsley's vehicle.

The Court disagrees.  Nothing in the record supports the conclusion that Chrysler Financial waived its right to compel arbitration against Lindsley.   In particular, the Court concludes that Chrysler Financial did not "substantially invoke" the litigation process either by sending a collection letter or by repossessing Lindsley's vehicle.

Based on the reasons discussed above, the Court concludes that Lindsley's claims against Chrysler Financial are properly submitted to arbitration.  Lindsley's claims against the MFR Defendants, however, shall remain before this Court.

## II.    Motion to Stay

Chrysler Financial moves the Court to stay Lindsley's entire lawsuit as to Chrysler Financial and the MFR Defendants.  A federal court must stay proceedings and compel arbitration once it determines that a dispute falls within the scope of a valid arbitration agreement.  *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 695 (8th Cir. 1994) (citing 9 U.S.C. §§ 3 & 4).  Chrysler Financial's motion, insofar as it seeks a stay of the entire action, is premised on the assumption that the claims against all of these defendants are

---

[6]     The collection letter reads in part:  "[P]lease be advised that [Chrysler Financial] may pursue the return of the collateral securing the obligor's obligations under the Contract.  Such pursuit may include the filing of a suit for Replevin and for

(Footnote Continued on Next Page)

7

referable to arbitration.  The Court has already concluded that the only claims referable to arbitration are those asserted against Chrysler Financial.  Therefore, a mandatory stay is appropriate only as Lindsley's claims against Chrysler Financial.

Chrysler Financial also asserts that the Court should stay any remaining non-arbitrable claims, pending the outcome of arbitration, including those asserted against Washington County.  The decision of whether to stay such claims is within the Court's discretion.  *Filson v. Radio Adver. Mktg. Plan, LLC*, 553 F. Supp. 2d 1074, 1092 (D. Minn. 2008).  As explained above, the claims against Chrysler Financial are arbitrable.  All claims against the MFR Defendants and Washington County remain before this Court. This case centers on the actions of the MFR Defendants in their effort to repossess Lindsley's vehicle on April 4, 2008.  Other than the narrow issue of whether Chrysler Financial gave proper notice before repossessing the vehicle, the claims against all defendants contain common issues of fact.  Moreover, because Lindsley alleges that the MFR Defendants were acting as Chrysler Financial's agents when they repossessed Lindsley's vehicle, the outcome of many of the claims Lindsley asserts against Chrysler Financial will depend on the outcome of the claims asserted against the MFR Defendants. It is apparent to this Court that Lindsley's claims against the MFR Defendants

---

(Footnote Continued From Previous Page)
damages . . . ."  (Aff. of Thomas J. Lyons, Jr. ¶ 2, Ex. A.)

predominate. Therefore, it is prudent to move forward on those claims. Accordingly, the Court denies Chrysler Financial's motion to stay the non-arbitrable claims.[7]

**CONCLUSION**

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1.     Chrysler Financial's Motion to Compel Arbitration and Stay Proceedings (Doc. No. 15) is **GRANTED IN PART** and **DENIED IN PART**.

        a.     Lindsley's claims against Chrysler Financial are submitted to arbitration. In addition, these claims are **STAYED** pending the outcome of such arbitration.

        b.     All other claims remain before this Court and are not stayed.

Dated: February 11, 2009                          s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  Judge of United States District Court

---

[7]     The Court understands that there will be overlap between the issues presented in arbitration and before this Court. The Court encourages the parties to agree to a procedure whereby the parallel actions can be streamlined or staggered so as to preserve resources.