UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joan Lindsley, | Civil No. 08-1466 (DWF/SRN) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Bramacint, LLC; DaimlerChrysler Financial Services Americas LLC; MFR Asset Recovery a/k/a Home Town Recovery Company; Thomas Kingore, individually; Anthony Cady, individually; and Washington County, | |
| Defendants. | |

Thomas J. Lyons, Jr., Esq., and Trista M. Roy, Esq., Consumer Justice Center, PA, counsel for Plaintiff.

Cary W. Schulman, Esq., Cary Schulman Law Firm; and J. D. Haas, Esq., counsel for Defendant Bramacint, LLC.

Brian L. McMahon, Esq., McMahon Law Firm LLC, counsel for Defendant DaimlerChrysler Financial Services Americas LLC.

Robert E. Salmon, Esq., and Margaret R. Ryan, Esq., Meagher & Geer, PLLP, counsel for Defendant MFR Asset Recovery and Thomas Kingore.

Roger L. Rowlette, Esq., Johnson & Lindberg, PA, counsel for Defendant Washington County.

INTRODUCTION

This matter is before the Court on a Motion to Compel Arbitration brought by

Defendant Minnesota Fugitive Recovery, Inc. ("MFR") and a Motion to Compel

Arbitration and Stay Proceedings brought by Defendant DaimlerChrysler Financial Services Americas LLC ("Chrysler Financial"). For the reasons stated below, the Court grants in part and denies in part both motions.

**BACKGROUND**

The facts of this case are more fully set forth in this Court's February 11, 2009 Memorandum Opinion and Order (the "February 11 Order"). The Court summarizes the facts below. In 2003, Plaintiff Joan Lindsley and Chrysler Financial entered into a finance agreement for the purchase of a 2003 Dodge Stratus. The Creditor listed in the contract is Dodge of Blaine, Inc. Chrysler Financial is an assignee of the listed Creditor. The financing was memorialized in a Retail Installment Contract (the "Contract"). After Plaintiff fell behind on her payments, Plaintiff's vehicle was repossessed by MFR, a repossession company, and its alleged agents Defendants Thomas Kingore and Anthony Cady.[1] Plaintiff asserts that Chrysler Financial, the MFR Defendants, and Bramacint repossessed her vehicle without the required written notice and, in the process, trespassed on her property and assaulted and battered her. Specifically, Plaintiff alleges that Kingore and Cady shouted profanities and forcibly attempted to remove her from the vehicle while it was parked in the garage attached to Plaintiff's house.

In her original complaint, Plaintiff asserted claims for a violation of the Fair Debt Collection Practices Act against the MFR Defendants; conversion, assault, invasion of

---

1   The Court will refer to MFR, Kingore, and Cady collectively as the "MFR
(Footnote Continued on Next Page)

privacy, and breach of peace against Chrysler Financial and the MFR Defendants; battery against Chrysler Financial, MFR, and Cady; and a violation of 42 U.S.C. § 1983 against Defendant Washington County.  Chrysler Financial previously moved to compel arbitration of Plaintiff's claims against it and the MFR Defendants and to stay the proceedings before this Court.  After that motion was briefed and heard, Plaintiff amended her complaint, adding Bramacint, LLC ("Bramacint") as a defendant and asserting additional claims for negligent hiring, supervision, and retention against Chrysler Financial, Bramacint, and MFR.  On February 10, 2009, Chrysler Financial filed a second motion to compel arbitration to account for the additional claims contained in the Amended Complaint.

In the February 11 Order, the Court granted in part and denied in part DaimlerChrysler's original motion to compel arbitration.  The Court concluded that the arbitration provision in the Contract is valid and enforceable, that the claims against Chrysler Financial in the original Complaint were arbitrable, but that the claims against the MFR Defendants and Washington County were not properly submitted to arbitration.  In the February 11 Order, the Court also explained that this case centers on the actions of the MFR Defendants in their effort to repossess Plaintiff's vehicle and that Plaintiff's claims against the MFR Defendants predominate.

---

(Footnote Continued From Previous Page)
Defendants."

**DISCUSSION**

**I.      Motion to Compel Arbitration**

When considering a motion to compel arbitration, the Court is required to determine whether:  (1) a valid agreement to arbitrate exists between the parties; and (2) the specific dispute is within the scope of that agreement.  *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003); *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004).  "The scope of an arbitration agreement is given a liberal interpretation, with any doubts resolved in favor of arbitration." *Medcam, Inc. v. MCNC*, 414 F.3d 972, 976 (8th Cir. 2005).  A motion to compel arbitration should be granted if the arbitration clause is "susceptible of an interpretation that covers the asserted dispute." *Id*. (citations omitted).

> The Contract contains an arbitration provision that reads:
>
> [A]ny claim or dispute, whether in contract, tort or otherwise (including any dispute over the interpretation, scope, or validity of this contract, the arbitration clause or the arbitrability of any issue), between us or Creditor's employees, agents, successors or assigns, which arise out of or relate to this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at the election of either of us (or the election of any such third party) be resolved by a neutral, binding arbitration and not be a court action.

(Aff. of Margaret R. Ryan in Supp. of Def. MFR's Mot. to Compel Arbitration ("Ryan Aff.") ¶ 3, Ex. 1.)

In the February 11 Order, the Court determined that the claims asserted against Chrysler Financial were properly submitted to arbitration.  The Court, however, declined

to compel the arbitration of any claims against the MFR Defendants because they are not signatories to the Contract and had not elected to submit Plaintiff's claims against them to arbitration. Chrysler Financial and MFR now move to compel arbitration of Plaintiff's claims against all Defendants except Washington County.

First, Chrysler Financial seeks to compel arbitration of the additional claims asserted against it in Plaintiff's Amended Complaint. The February 11 Order did not address these newly asserted claims. Plaintiff does not oppose this portion of Chrysler Financial's motion and counsel for Plaintiff indicated at the hearing on the pending motions that he understood that Plaintiff's negligence claims against Chrysler Financial would properly be submitted to arbitration. Accordingly, the Court grants Chrysler Financial's motion insofar as Chrysler Financial seeks to compel arbitration of Plaintiff's additional claims against Chrysler Financial.

Chrysler Financial and MFR both move to compel arbitration of Plaintiff's claims against MFR, Kingore, Cady, and Bramacint. In particular, both Chrysler Financial and MFR assert that Plaintiff's claims against MFR, Kingore, Cady, and Bramacint arise out of the contractual agreement between Plaintiff and Chrysler Financial and that the broadly worded arbitration clause encompasses all disputes arising out of or relating to the Contract. In addition, MFR asserts that as a nonsignatory, it may enforce the arbitration provision. Plaintiff, however, asserts that MFR was not privy to the contract and that MFR never signed or agreed to arbitrate potential disputes.

A non-signatory to an arbitration agreement can, under certain circumstances,

compel arbitration under an agreement. *Simitar Entertainment, Inc. v. Silva Entertainment, Inc.*, 44 F. Supp. 2d 986, 993 n.5 (D. Minn. 1999). In particular, a signatory may be bound with a nonsignatory "at the non signatory's insistence" if there is a close relationship between the involved entities and a relationship between the alleged wrongs and the nonsignatory's duties under the contract:

> [A] signatory [is] bound to arbitrate with a nonsignatory at the nonsignatory's insistence because of the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the non-signatory's obligations and duties in the contract * * * and [the fact that] the claims were intimately founded in and intertwined with the underlying contract obligations.

*Simitar*, 44 F. Supp. 2d at 993 n.5 (citations omitted). Here, Plaintiff asserts that MFR, Kingore, and Cady were acting as agents of Chrysler Financial when they repossessed her vehicle. (Am. Compl. ¶¶ 7-8.) In addition, Plaintiff asserts that Chrysler Financial hired Bramacint, a debt collector, to aid in the repossession of Plaintiff's vehicle and that Bramacint, in turn, assigned the repossession to MFR. (Am. Compl. ¶¶ 13-14.) Because all of Plaintiff's claims against these Defendants relate to and arise out of the repossession of Plaintiff's vehicle under the Contract, they also relate directly to the exercise of Chrysler Financial's rights under the Contract. The broad language of the arbitration provision, therefore, encompasses these claims.[2] Accordingly, the Court concludes that

---

[2] At a minimum, the arbitration clause is at least susceptible to an interpretation that would cover the claims asserted against MFR, Kingore, Cady, and Bramacint. *See Medcam*, 414 F.3d at 476.

the language of the Contract compels the arbitration of Plaintiff's claims against these non-signatory Defendants at their election.[3]  Here, MFR and Kingore have elected arbitration and therefore the claims against them are properly submitted to arbitration.[4]  Bramacint and Cady, however, have not elected arbitration and therefore Plaintiff's claims against them remain before the Court.[5]

      Plaintiff argues that even if a valid agreement to arbitrate exists between MFR and Plaintiff, MFR defaulted or waived arbitration due to its actions and inactions since Plaintiff filed her complaint.  A court will find waiver where the party claiming the right to arbitrate:  (1) knew of an existing right to arbitrate; (2) acted inconsistently with the right to arbitrate; and (3) prejudiced the other party by the inconsistent acts.  *Lewallen v. Green Tree Servicing LLC*, 487 F.3d 1085, 1090 (8th Cir. 2007).  Plaintiff asserts that MFR acted inconsistently with its right to arbitration by failing to timely respond to Plaintiff's Complaint, failing to assert arbitration as an affirmative defense, and by otherwise engaging in conduct that constitutes a waiver, such as by evading service of the

---

[3]     The Court notes also that the arbitration provision in the Contract specifically permits a third-party to elect arbitration.  (Ryan Aff. ¶ 3, Ex. 1.)

[4]     In an affidavit dated March 13, 2009, Kingore elected to compel arbitration and joined in MFR's motion.  (Aff. of Thomas Kingore ("Kingore Aff.") ¶ 9.)

[5]     In its Amended Answer, Bramacint asserted the arbitration clause as an affirmative defense.  Bramacint has not otherwise affirmatively elected arbitration.  The Court concludes that simply asserting the arbitration clause as an affirmative defense is not enough to constitute an "election."  In addition, Cady has not filed an answer to Plaintiff's Amended Complaint and has not otherwise elected to arbitrate the claims against him.

Complaint. MFR has submitted affidavit testimony of Thomas Potrament, the president of MFR, denying purposeful evasion of service and offering explanations as to why MFR did not elect arbitration prior to the pending motion. While the Court finds some of MFR's actions early in this litigation questionable, there is insufficient evidence in the record to demonstrate that MFR affirmatively waived its right to compel arbitration.

## II.     Motion to Stay

Chrysler Financial moves to stay Plaintiff's entire lawsuit pending a resolution in arbitration. A federal court must stay proceedings and compel arbitration once it determines that a dispute falls within the scope of a valid arbitration agreement. *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 695 (8th Cir. 1994) (citing 9 U.S.C. §§ 3 & 4). The Court has concluded that Plaintiff's claims against Chrysler Financial, MFR, and Kingore are arbitrable. Therefore, a mandatory stay is appropriate as to those claims.

Claims against Washington County, Cady, and Bramacint are not referred to arbitration. The decision of whether to stay these claims is within the Court's discretion. *Filson v. Radio Adver. Mktg. Plan, LLC*, 553 F. Supp. 2d 1074, 1092 (D. Minn. 2008). As explained in the February 11 Order, this case centers on the actions of the MFR Defendants in their effort to repossess Plaintiff's vehicle on April 4, 2008. Because the claims against MFR and Kingore are being submitted to arbitration, a stay of all claims pending the outcome of the arbitration would serve the interests of justice and would reduce the risk of inconsistent rulings. Accordingly, the Court stays the entire action.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Chrysler Financial's Motion to Compel Arbitration and Stay Proceedings (Doc. No. 38) and MFR's Motion to Compel Arbitration (Doc. No. 40) are **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiff's claims against Chrysler Financial, MFR, and Kingore are submitted to arbitration.

3. All claims are **STAYED** pending the outcome of arbitration.

Dated: April 30, 2009            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 Judge of United States District Court